UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| ALEJANDRO CRUZ, | Case No. 16-cv-4140-DSD-KMM |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| EXPRESS EMPLOYMENT PROFESSIONALS and SEDGWICK CLAIMS MANAGEMENT SERVICES INC., | |
| Defendants. | |

---

Plaintiff Alejandro Cruz alleges that he suffered multiple injuries during the course of his employment at a power plant, and he seeks monetary compensation from defendants as a result of those injuries. Under Fed. R. Civ. P. 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." The Court lacks subject-matter jurisdiction over this lawsuit.

First, although Mr. Cruz alleges that this action presents a federal question, *see* Compl. ¶ 3 [ECF No. 1], he only invokes the *Minnesota* Constitution in support of his claims, *see id.* ¶ 4. Even if the defendants somehow breached their obligations under the Minnesota Constitution, this would still not be enough to raise a *federal* question sufficient to invoke 28 U.S.C. § 1331 as a basis for jurisdiction. Mr. Cruz cites no federal statute that gives rise to his claims, and the factual substance of his allegations

does not allow this Court to construe his allegations as raising a federal claim. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) ("When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." (citing *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004))).

The Court is unaware of any other basis for federal jurisdiction in this matter. Read liberally, the complaint might be interpreted as seeking relief pursuant to Minnesota worker's-compensation statutes or for negligence under Minnesota common law, but each of these claims would arise entirely from state law, not federal law. Mr. Cruz does not allege that he is seeking recovery pursuant to an employee welfare benefit plan established under a federal statute, such as the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. Finally, while it is possible that the federal court could have diversity jurisdiction, Mr. Cruz's complaint fails to make the necessary allegations required by 28 U.S.C. § 1332. If the defendants are corporations, to establish that diversity jurisdiction exists, Mr. Cruz would be required to allege facts showing each defendant's citizenship by alleging the state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). No such allegations appear in Mr. Cruz's complaint.

Because the Court lacks subject-matter jurisdiction over this lawsuit, it is recommended that the action be dismissed without prejudice, and that Mr. Cruz's application to proceed *in forma pauperis* [ECF No. 2] be denied as moot. In light of this Court's recommendation, the pretrial conference scheduled for February 8, 2017 is hereby canceled.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This action be DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

2. Plaintiff Alejandro Cruz's application to proceed *in forma pauperis* [ECF No. 2] be DENIED AS MOOT.

Dated: January 19, 2017            *s/ Katherine Menendez*
                                   Katherine Menendez
                                   United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after

being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.